UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/16
```

IN RE ALTAIR NANOTECHNOLOGIES
SECURITIES LITIGATION

14 Civ. 7828 (AT)

ANALISA TORRES, District Judge:

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court styled *In re Altair Nanotechnologies Securities Litigation*, No. 1:14-cv-07828 (AT) (the "Action");

WHEREAS, the Settling Parties having applied under Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation of Settlement dated November 30, 2015 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Settling Parties and for dismissal of the Action against Defendants with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and hereby preliminarily approves the Settlement set forth therein, subject to further consideration at the Final Approval Hearing.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of settlement only, the following Class:

> All persons who purchased or otherwise acquired the common stock of Altair Nanotechnologies Inc. ("Altair") between May 15, 2013 and September 25, 2014, both dates inclusive (the "Class Period").

Excluded from the Class are:

> (a) Persons or entities who submit valid and timely requests for exclusion from the Class; and
>
> (b) Defendants, all current and former directors and officers of the Company during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

3. A hearing (the "Final Approval Hearing") shall be held before this Court on **April 20, 2016**, at **4:00 p.m.** at the Daniel Patrick Moynihan United States Courthouse, Courtroom 15D, 500 Pearl St., New York, NY 10007-1312, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel and Lead Plaintiff for their service to the Class; to hear any objections by Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

4. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints for settlement purposes only the firm of Strategic Claims Services (the "Claims

Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) The Settling Defendants shall cooperate reasonably and in good faith in providing documents and information to assist Plaintiffs in identifying Class Members;

(b) Not later than forty (40) calendar days after entry of this Order (the "Notice Date"), Lead Counsel or the Claims Administrator shall cause a copy of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at https://www.strategicclaims.net/cases;

(c) Not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Publication Notice, substantially in the form annexed as Exhibit A-3 hereto, to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d) Not later than twenty-one (21) calendar days before the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who purchased or acquired Altair securities for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim to such beneficial owners of Altair securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall

promptly mail the Notice and Proof of Claim to such beneficial owners.

6. The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

7. Other than the cost of providing the names and addresses of record holders of Altair securities during the Class Period to the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund as set forth in ¶¶ 2.6–2.8 of the Stipulation, and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.

8. All Class Members (except Persons who request exclusion pursuant to ¶ 12 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable, to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically within five (5) calendar days after the Final Approval Hearing. Any Class Member who does not submit a

Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. Plaintiffs' Counsel shall not incur any liability for declining to accept any late-submitted claim.

10. The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; (iv) it must be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) it must be signed under penalty of perjury.

11. Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12. Any Class Member may, upon request, be excluded or "opt out" from the Class.

Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), received no later than fourteen (14) calendar days before the Final Approval Hearing. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions, and sales of Altair common stock between May 15, 2013 and September 25, 2014 (both dates inclusive), including the dates, the number of Altair securities purchased, acquired, or sold, and the price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

13.     Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than seven (7) calendar days before the Final Approval Hearing.

14.     Any Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why a Fee and Expense Award should not be granted, or why an Incentive Award should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement (or, if approved, the Judgment to be entered thereon approving the same), or the order approving the Plan of Allocation, or any Fee and Expense Award or Incentive Award, unless

written objections and copies of any papers and briefs are received by Pomerantz LLP, Jeremy A. Lieberman, 600 Third Avenue, 20th Floor, New York, NY 10016; and Katten Muchin Rosenman LLP, William M. Regan, 575 Madison Avenue, New York, NY 10022, no later than fourteen (14) calendar days before the Final Approval Hearing; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, no later than fourteen (14) calendar days before the Final Approval Hearing. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the Fee and Expense Award, and to the Incentive Award, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, or Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16. All papers in support of the Settlement, Plan of Allocation, and any Fee and Expense Application shall be filed and served no later than twenty-one (21) calendar days before the Final Approval Hearing, and any reply papers shall be filed and served no later than

7

seven (7) calendar days before the Final Approval Hearing.

17. The Released Parties shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

18. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application proposed by Lead Counsel should be approved.

19. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.7 of the Stipulation.

20. Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Parties or any other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with a proceeding to enforce the terms of the Stipulation. The Released Parties, Lead Plaintiff, Class Members, and each of their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue

preclusion or similar defense or counterclaim.

21. All proceedings in the Action are stayed. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Settled Claims.

22. The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 3 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

SO ORDERED.

Dated: January 22, 2016
       New York, New York

_____
ANALISA TORRES
United States District Judge